ABBIE J. WILSON, complainant, vs. EDWARD H. WOODSIDE.

The voluntary statement of a complainant in bastardy, during the time of her travail, without being interrogated in relation thereto, that the child of which she is about to be delivered " is the child of the " respondent, " and he knows it is his child," is a sufficient compliance with R. S. c. 97, § 6, providing that having "been put upon the discovery of the truth of such accusation at the time of her travail," she " thereupon accused" the respondent with being the father of the child.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court, for the county of Cumberland.

COMPLAINT under the bastardy act made before a magistrate, January 24, 1870, entered at the February term, 1870, of the superior court, and tried by the judge without the intervention of a jury, upon a declaration filed at the same term, subject to exceptions in matters of law.

*Catherine Cahoon*, nurse, testified that she was with the complainant from February 23 until the evening of February 25 ; that between eleven and twelve o'clock on Wednesday night, February 23, while the complainant was in labor, and no other person present, the complainant said to witness, voluntarily, " Who would have thought that Edward Woodside would' have wanted me to lay it on to," a certain other person named by her, " when he is innocent ? It is his child, and Edward Woodside knows it is his child."

It appeared that the complainant was not delivered until three o'clock in the forenoon of February 26, and that she made no further accusation, and was at no period of her travail or confinement in any manner inquired of touching the paternity of her child, either by the attending physician or any other person.

The presiding judge ruled, as matter of law,—

That the voluntary statement testified to was not a compliance with R. S., c. 97, § 6, which requires that the complainant shall be " put upon the discovery of the truth of such accusation, and there-

upon have accused the same man with being the father of the child, of which she is about to be delivered."

The respondent was found not guilty, and the complainant alleged exceptions to the foregoing ruling.

*Davis & Drummond*, for the respondent, contended,

That the casual remark of the complainant was not a compliance with the statute.

It is a condition precedent to her right to recover, that "being put upon the discovery of the truth," she shall charge the accused. *Payne* v. *Gray*, 56 Maine, 317.

The legislature appreciating the fact that the complainant, in this class of cases, is very often a person whose sworn testimony in any other case would receive little, if any, credit, required that she must be "put upon the discovery of the truth of the accusation when in danger." It was intended to throw all the safeguards possible around a person making a true accusation, and also around the accused in case of a false accusation. The act of putting a person upon the discovery of the truth in such cases is equivalent to the administration of an oath, the formality being intended as a reminder of her condition and danger, and the necessity of her declaring the truth. It was never intended that a mere casual conversation, when free from the apprehensions of danger, but in a condition to converse upon ordinary matters, should be received as the solemn declaration contemplated by the statute.

The reasons given for the decision in *McManagil* v. *Ross*, 20 Pick. 99, are utterly insufficient to do away with this express provision of the statute. That decision was followed in *Bailey* v. *Chesley*, 10 Cush., without comment.

The point did not arise in *Totman* v. *Forsaith*, 55 Maine, 560. But the court, following the Massachusetts cases above-named, go further than the case required, and state the law in the same manner.

*Henry Orr*, for the complainant.

APPLETON, C. J.   It is immaterial how the complainant is "put upon the discovery of the truth during the time of her travail," whether by investigation from without, or by impulse from within. The accusation is what the statute regards as material.   When that is made, inquiry becomes unnecessary.   The object of the statute is accomplished.   *Totman* v. *Forsaith*, 55 Maine, 360.   *McManagil* v. *Ross*, 20 Pick. 99.   *Bailey* v. *Chesley*, 10 Cush. 285.

*Exceptions sustained.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.